# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: October 7, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| MATTHEW MCDERMOTT, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No.17-1401V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Motion for Dismissal Decision; |
| AND HUMAN SERVICES, | * | Influenza ("Flu"); Optical Neuritis; |
| | * | Anterior Ischemic Optical |
| Respondent. | * | Neuropathy. |
| * * * * * * * * * * * * | | |

*Robert J. Krakow,* Law Office of Robert J. Krakow, P.C., New York, NY, for petitioner.
*Mallori B. Openchowski,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION[1]

On October 2, 2017, Matthew McDermott ("petitioner") filed a petitioner in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1) Petitioner alleged that he suffered optic neuritis and anterior ischemic optical neuropathy as a result of receiving an influenza ("flu") vaccine on October 3, 2014. Petition at Preamble. The information in the record does not establish entitlement to compensation.

On October 7, 2019, petitioner filed a motion for a decision dismissing the petition pursuant to Rule 21(a). Petitioner's Motion ("Pet. Mot.") (ECF No. 37). Petitioner avers that after an investigation of the facts and science supporting his case, she will be unable to prove that he is entitled to compensation in the Vaccine Program. *Id.* at ¶ 1. Petitioner recognizes that to proceed further would be unreasonable and would waste the resources of the Court, the

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. §300aa of the Act.

respondent and the Vaccine Program. *Id.* at ¶ 2. Petitioner understands that dismissing the petition that a judgment will end petitioner's rights in the Vaccine program. *Id.* at ¶ 3. Petitioner understand that he may apply for fees and costs once the case is dismissed and judgment is entered against him. *Id.* at ¶ 4. Respondent expressly reserves the right to question the good faith and reasonable basis of this claim and to oppose, if appropriate, petitioner's application for fees and costs. *Id.* Respondent does not otherwise oppose this motion. Petitioner intends to protect his rights to file a civil action in the future. Therefore, pursuant to § 300aa-21(a)(2), petitioner intends to elect to reject the Vaccine Program judgment and elect to file a civil action. *Id.* at ¶ 7.

To receive compensation in the Vaccine Program, petitioner has the burden of proving either: (1) that petitioner suffered a "Table Injury," i.e. an injury beginning with a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table (a "Table injury") or (2) that petitioner suffered an injury that was caused-in-fact by a covered vaccine. §§ 13(a)(1)(A); 11(c)(1). Moreover, under the Vaccine Act, the Vaccine Program may not award compensation based on petitioner's claims alone. Rather, petitioner must support the claim with either medical records or the opinion of a competent medical expert. §13(a)(1). In this case, petitioner has not alleged nor does the record reflect a Table injury. With regard to an off-Table injury, petitioner has not provided sufficient medical records or expert opinion(s) which support a finding of entitlement. Accordingly, petitioner has not met his burden of proof.

**Thus, petitioner's motion is GRANTED. This matter is DIMISSED for insufficient proof. The Clerk of the Court shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u><br>
Thomas L. Gowen<br>
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).